UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN A. CORRION,

    Plaintiff,

v.                                                                  CASE NO. 12-cv-15651
                                                                    HONORABLE DENISE PAGE HOOD
STANLEY J. LATREILLE,
DAVID J. READER,
MONICA J. COPELAND,
KAREN A. CORRION,
JUADISHA HARRIS, and
MACK T. SPICKARD,

    Defendants.
_____/

## OPINION AND ORDER

### (1) DENYING PLAINTIFF'S REQUESTS TO HAVE THE DEFENDANTS PAY THE FEES AND COSTS FOR THIS ACTION,

### (2) DISMISSING THE COMPLAINT UNDER 28 U.S.C. § 1915(g),

### AND (3) DENYING AS MOOT PLAINTIFF'S MOTION FOR DEFAULT AND SUMMARY JUDGMENT

### I. INTRODUCTION

This matter is pending before the Court on plaintiff John A. Corrion's *pro se* civil rights complaint for money damages. Also pending before the Court are Plaintiff's requests to have the defendants pay the fees and costs for this action and Plaintiff's motion for default and summary judgment. Plaintiff is a state prisoner currently confined at Kinross Correctional Facility in Kincheloe, Michigan. Defendants are: Judge Stanley J. Latreille and David J. Reader of the 44th Judicial Circuit Court in Howell, Michigan; Monica J.

Copeland, Karen A. Corrion, and Mack T. Spickard of Howell, Michigan; and Assistant Attorney General Juadisha Harris of Detroit, Michigan.

The complaint alleges that Judge Latreille offered to have Plaintiff plead no contest to criminal charges in 2006 and later imposed a lengthy sentence because Plaintiff exercised his right to a jury trial. Regarding the other defendants, Plaintiff alleges that: defendant David J. Reader violated the Employee Retirement Income Security Act by processing Qualified Domestic Relations Orders on Plaintiff's pension and life savings; Karen A. Corrion invaded Plaintiff's home, stole his briefcase, and acquired his account numbers; defendant Juadisha Harris conspired with Judge Latreille to deprive Plaintiff's wife, Nancy Ellen Corrion, of her marital property; defendant Monica J. Copeland conspired with defendants Latreille and Reader to take Plaintiff's pension and life savings and to rob Nancy Ellen Corrion of her marital property; and defendant Mack T. Spickard violated an agreement to retain Plaintiff's files for three years.

Plaintiff asserts the following claims: (1) defendants Latreille and Reader acted in the absence of jurisdiction; (2) defendant Spickard failed to respond to Plaintiff's request to return files and also destroyed files that Plaintiff needed for his habeas petitions; (3) Judge Latreille subjected Plaintiff to cruel and unusual punishment by changing Plaintiff's sentence from concurrent terms to consecutive terms in Plaintiff's absence; (4) Judge Latreille inflicted severe emotional anguish on Plaintiff by sentencing him at the age of fifty-seven to imprisonment for approximately twenty-eight to fifty years and by changing Plaintiff's divorce contract in violation of state law; and (5) defendant Karen A. Corrion committed home invasion and larceny when she stole Plaintiff's briefcase out of his marital home.

## II. DISCUSSION

Plaintiff has not paid the filing fee for this action and, as noted above, he seeks to have the defendants pay the court fees and costs. Plaintiff, however, is a frequent litigator in this Court, and under the "three strikes" provision of the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996), a prisoner may not proceed without prepayment of the filing fee in a civil action "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted . . . ." 28 U.S.C. § 1915(g). An exception exists when "the prisoner is under imminent danger of serious physical injury." *Id*.

Plaintiff has filed more than two dozen lawsuits in this Court. More than three of them were dismissed either for failure to pay the filing fee after Plaintiff was denied leave to proceed *in forma pauperis* or for bringing an action that was frivolous, malicious, or failed to state a claim for which relief may be granted. *See Corrion v. Corrion*, No. 12-15484, Order Striking Complaint, ECF No. 4 (E.D. Mich. Feb. 1, 2013) (collecting cases). Some of the previous cases have asserted claims similar to the ones alleged in this case, and another judge in this District recently enjoined Plaintiff from filing any further actions in this Court without first seeking leave of the presiding judge. *See id*.

Although the order enjoining Plaintiff from filing any additional cases without permission was entered after Plaintiff filed his complaint in this case, it is clear from the order that more than three of Plaintiff's cases have been dismissed as frivolous or for failure to state a claim. It is also clear from the order that Plaintiff has been notified that he

has "three strikes." And because there is nothing in the pending complaint to suggest that Plaintiff is under imminent danger of serious physical injury, he may not proceed without prepayment of the filing fee for this action. Nor does he have a right to compel the defendants to pay the filing fee. *See* 28 U.S.C. § 1915(b)(1) (explaining that, notwithstanding a court's ability to authorize the commencement of a lawsuit without prepayment of fees, "if a prisoner brings a civil action . . . in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee").

Accordingly,

IT IS ORDERED that Plaintiff's requests to have the defendants pay the filing fee (Document Nos. 2 and 4, filed Dec. 21, 2012, and Feb. 8, 2013, respectively) are **DENIED**.

IT IS FURTHER ORDERED that the complaint (Document No. 1, filed Dec. 21, 2012) is **DISMISSED** pursuant to 28 U.S.C. § 1915(g). This dismissal is without prejudice to the filing of a new complaint with payment of the filing fee of $350.00.

IT IS FURTHER ORDERED that the motion for default and summary judgment (Document No. 7, filed Mar. 12, 2013) is **DENIED** as moot.

Finally, an appeal from this order could not be taken in good faith, *see McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997), and, because Plaintiff has "three strikes," he must prepay the appellate filing fee if he decides to appeal this decision.

**IT IS SO ORDERED**.


Dated:  April 4, 2013               S/Denise Page Hood
                                    Denise Page Hood
                                    United States District Judge

4

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing document was served upon counsel of record on April 4, 2013, by electronic and/or ordinary mail.

        S/LaShawn R. Saulsberry
        Case Manager