UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN A. CORRION,

    Plaintiff,

v().                                                CASE NO. 12-cv-15651
                                                HONORABLE DENISE PAGE HOOD

STANLEY J. LATREILLE,
DAVID J. READER,
MONICA J. COPELAND,
KAREN A. CORRION,
JUADISHA HARRIS, and
MACK T. SPICKARD,

    Defendants.
_____/

**ORDER DENYING PLAINTIFF'S MOTION FOR EITHER
RECONSIDERATION OR A CERTIFICATE OF APPEALABILITY**

Plaintiff John A. Corrion has moved for reconsideration of the Court's order dismissing his civil rights complaint and denying his request to have the defendants pay the fees and costs for this action. In the alternative, Plaintiff seeks a certificate of appealability.

Plaintiff is a state prisoner. He did not pay the filing fee for this action when he filed his complaint, and because at least three of his previous complaints were dismissed as frivolous or for failure to state a claim, the Court declined to permit Plaintiff to proceed without prepayment of the filing fee for this action. The Court then dismissed his complaint under 28 U.S.C. § 1915(g).[1] In his pending motion, Plaintiff states that he is indigent and

---

[1] Section 1915(g) reads:

    In no event shall a prisoner bring a civil action or appeal a

unable to pay even a partial filing fee for his case because the Livingston County Circuit Court has taken his pension and life savings for the unjust enrichment of the defendants.

This District's Local Rules authorize the Court to reconsider an order if the movant demonstrates that the Court was misled by a "palpable defect" and "that correcting the defect will result in a different disposition of the case." LR 7.1(h)(3) (E.D. Mich. Mar. 1, 2010). "A 'palpable defect' is 'a defect that is obvious, clear, unmistakable, manifest, or plain.'" *United States v. Lockett*, 328 F. Supp. 2d 682, 684 (E.D. Mich. 2004) (quoting *United States v. Cican*, 156 F. Supp. 2d 661, 668 (E.D. Mich. 2001)).

Plaintiff has not identified any palpable defects in the Court's order of dismissal. Instead, he seeks grace and compassion from the Court. The statute, however, requires prisoners to prepay the filing fee for their civil complaints if three or more of the plaintiff's previous complaints were dismissed as frivolous or for failure to state a claim unless the plaintiff is in imminent danger of serious physical injury. Plaintiff does not contest the fact that three or more of his complaints were dismissed as frivolous or for failure to state a claim. Nor does he claim to be in imminent danger of serious physical injury. Consequently, the Court may not allow Plaintiff to proceed *in forma pauperis*. And even though Plaintiff seeks a certificate of appealability as an alternative remedy, a certificate of appealability is not needed in a civil rights action. *Johnson v. CCA-Northeast Ohio Corr.*

---

> judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

2

*Ctr. Warden*, 21 F. App'x 330, 332 (6th Cir. 2001)  (citing 28 U.S.C. § 2253(c)(1) and *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996)).

For the foregoing reasons,

Plaintiff's motion for reconsideration or a certificate of appealability [Document No. 10, filed on April 15, 2013] is **DENIED**.


S/Denise Page Hood
Denise Page Hood
United States District Judge

Dated:  May 9, 2013

I hereby certify that a copy of the foregoing document was served upon counsel of record on May 9, 2013, by electronic and/or ordinary mail.

S/LaShawn R. Saulsberry
Case Manager